PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __Northern__ DISTRICT OF TEXAS

__Dallas__ DIVISION

*(Stamp: U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS, FILED JUL 30 2019, U.S. DISTRICT COURT, By ___ Deputy)*

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Darren Glenn Lewis__
PETITIONER
(Full name of Petitioner)

__Bill Clements Unit__
CURRENT PLACE OF CONFINEMENT

vs.

__#02210403__
PRISONER ID NUMBER

__3-19CV-1812G__

__Kendall T. Richerson__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

__#27690-A__
CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _#350th District Court in Abilene, Texas of Taylor County, Texas_

2. Date of judgment of conviction: _June/28th/2018_

3. Length of sentence: _25 years_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _#27690-A Aggravated Sexual Assault of child_

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☐ Not Guilty  ☒ Guilty  ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☐ Jury  ☒ Judge Only

7. Did you testify at trial?  ☐ Yes  ☒ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☒ No

9. If you did appeal, in what appellate court did you file your direct appeal? __NONE__

   _____  Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __NONE__

   _____

   Result: _____

   Date of result: _____  Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __NONE__

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☒ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __Eleventh District Court of Appeals__

    Nature of proceeding: __Article 11.07 (writ of Habeas Corpus)__

    Cause number (if known): __#11-18-00186-CR__

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: __August / 16th / 2018__

Grounds raised: __Ineffective Counsel and punishment Range + sentencing.__

Date of final decision: __October / 15th / 2018__

What was the decision? __The Appeal was Dismissed__

Name of court that issued the final decision: __Criminal Courts of Appeal__

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: __None__

Nature of proceeding: __None__

Cause number (if known): __None__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
__None__

Grounds raised: __None__

Date of final decision: __None__

What was the decision? __None__

Name of court that issued the final decision: __None__

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____N/A_____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☒ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____N/A_____

    Disciplinary case number: ___N/A___

    What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: ___N/A___

    Did you lose previously earned good-time days? ☐ Yes ☒ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    ___NONE___

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☒ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: ___NONE___

-5-

Date of Result:

Step 2 Result: __None__

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. GROUND ONE: ineffective Counsel / 6th ~~Armed~~ D.C. Amendment Violation.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My Attorney had lied to me / tricked me about the charge and about the punishment Range. He did not work in my best intreast. My Attorney did violate my 6th Amendment Right as an ineffective Counsel, No Evidence!

B. GROUND TWO: Punishment Range and sentencing.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was charged as a high-hitbitual Criminal with the maxum of 25 to 99 years and the charge carried a 5 to 99 years and punishment of 5 to 99 years, not 25 to 99 years. Again ineffective counsel.

C. GROUND THREE: Evidence of charge.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

All the Evidence supporting me, my Alibi's, medical Records, and statements (my own statement were never taking). The Evidence was never used, not once.

D. GROUND FOUR: Medical Records.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The medical Records from Hendrick's medical Hospital (Rape kit) states that "there was not an Acute injury found", meaning that there was no Rape or Aggrevated assault. on the police Report on page 6 (states no injury).

21. Relief sought in this petition: Appeal to be Revise or Reversed or a new trial given or the charge discharged.

&lt;Attached Page&gt;

E. Ground five: Hearsay (Article 38.071) are Rumors.

Supporting facts: Under (Article 38.071) of "Criminal Code and Procedure"; Hearsay is just an outcry statement only. There is no real evidence or proable cause in outcry / Hearsay Statements.

F. Ground Six: My Alibi's / My where abouts.

Supporting facts: A plea offer by an assused person of not having been at the scene of the crime of the offense of charged. I had complete proof of where I lived at and where I was working at of said crime. I was falsely accused.

I.                    <u>Memorandum</u>
<u>Evidence</u>:    "Federal Criminal Code and Rules" Manual
Rule #103. (A.)(1)(B.) + (E.)     Rule #412. (A)(1) ⟨Presmutson⟩
Rule #104. (A.)(B.) + (D.)                    (B)(2)(A)
Rule #401. (A.) + (B.)                        (C) + (D)
Rule #404. (A.) (3)

*It is the duty of the state to prove each and every element of the crime beyond a reasonable doubt. Thompson vs. Louisville, 362 U.S. 199 (1960), In Re Winship, 397 U.S. 358, 364 (1970) <u>note</u>: The focal point, at one time, was to determine whether there was any, or in the alternative "no evidence" to support the conviction at hand. Jacobellis vs. Ohio, 378 U.S. 184, 202 (1964) (Fed. Rule Evid. 401) 654 S.W. 2d at 449. Also see: Brady vs. Marland (Evidence) Also see: McGoldrick vs. State, 682 S.W. 2d 573, 577 (1985) Also see: Gold vs. State, 736 S.W. 2d 685, 691 (1987); Also see: Banks vs. State, 510 S.W. 2d 592, 595 (1974). The state has proven beyond a reasonable doubt each and every element of the alleged crime(s).

II.
<u>Hearsay</u>:
Rule #801. (A.) (B.) (C) (1) + (2)
Rule #803. (6)(E) + (7)(A)
Rule #806. Attacking the declarant's credibility
Fernandez vs. State, 805 S.W. 2d 451, 455-456
       (Tex. Crim. App. 1991) (Evidentiary Value)

## II. Memorandum

### Hearsay:

Also See: Porier vs. State, 662 S.W. 2d 602, 606 Tex. Crim. App. (1984) (A claim that all the evidence, proper and improper, was insufficient to support the verdict). Crawford vs. Washington, 541 U.S. 36 (2004) (Hearsay and Confrontation clause); under (Article 38.071) Hearsay is an outcry statement, "Texas Criminal Code of Procedure" Manual. Also see: U.S. vs. Owens, 484 U.S. 554, 559-60 (1988) (Constitutional safe guards).

## III.

### Medical Records:

Ginsberg vs. Fifth Court of Appeals, 686 S.W. 2d 105 (1985)
Johnson vs. Fourth Court of Appeals, 700 S.W. 2d 916, 918 (1985)
(Proper discovery of medical Records)
State vs. Walker, 679 S.W. 2d 484, 485 (1984)
Dicken vs. Palmer, 697 S.W. 2d 418 (1985)   (Video Tapes)

## IV.

Bonilla, 424 S.W. 3d 528, Lexis 277 (2014)
   (out-of-Time-Appeal does not stop this)

## V.

### Plea Bargin Case:

U.S. vs. Stricklin, 591 F. 2d 1112, 444 U.S. 963 C.A.5 (1979)

## VI.

Ineffective Counsel: Orner vs. State (Cr. App. 1916), 78 Tex. Crim. 415, 183 S.W. 1172  Criminal Law - 633(2) Also see: Constitution Article V, §12. Davis vs. Alabama, 596 F. 2d 1214 (1979)
Stearnes vs. Clinton, 780 S.W. 2d 216 (Tex. Cr. App. 1989)

<u>Memorandum</u>

VII.

<u>Mandamus Relief:</u>

Jacolos vs. State, 692 S.W. 2d 724 (1985)
Dickens vs. Second Court of Appeals, 727 S.W. 2d 542,-549-50 (1987)
《The Power of the Writ of Mandamus》
Tex. Const. Art. V, § 26; Article 44.01, V.A.C.C.P. - supp. (1987). Also see: Buntion vs. Harmon, 827 S.W. 2d 945, 947, 948 (1992) Also see: Gonzalez vs. State, 117 S.W. 3d 194, 199 N.3 (2003)

<u>Note:</u>

These are all Rules of Evidence and cases of fact. I pray that the courts grant me relief of this matter(s). Thank you very much for all your time.

Sincerely,
Darren Glenn Lewis
ID# 02210403
07/09/2019

22. ... attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐ Yes  ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?  ☒ Yes  ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

① Evidence, ② Medical Records, ③ Outcry Statements, and ④ Alibi's

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Kenneth Leggett; 402 Cypress St., Ste. 800 Abilene, Texas 79601

(b) At arraignment and plea: Kenneth Leggett; 402 Cypress St., Ste. 800 Abilene, Texas 79601

(c) At trial: NONE

(d) At sentencing: Kenneth Leggett; 402 Cypress St., Ste. 800 Abilene, Texas 79601

(e) On appeal: NONE

(f) In any post-conviction proceeding: NONE

-8-

(g)     On appeal from any ruling against you in a post-conviction proceeding: __NONE__

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_My first Appeal (Article 11.07) was filed on August/16/2018. I'm still within the year, I think?_

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____NONE_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on \_\_\_July / 5th / 2019\_\_\_ (month, day, year).

Executed (signed) on \_\_07/09/2019\_\_ (date).

\_\_\_\_Darren Glenn Lewis\_\_\_\_
Signature of Petitioner (required)

Petitioner's current address: 9601 Spur 591; Bill Clements Unit; Amarillo, Texas 79107-9606

-10-

NOTICE: THIS FORM CONTAINS SENSITIVE DATA.

NO. **# Trial case Number: 27690A**
[FILL OUT cause number and heading information EXACTLY as it is written on the Petition]

In the (check one):

**Northern** ☑ District Court
Court Number  ☐ County Court at Law
☐ Justice Court (JP)

**Dallas** County, Texas

## Unsworn Declaration
*(Texas Civil Practice and Remedies Code, Section 132.001)*

My name is: **Darren** (First) **Glenn** (Middle) **Lewis** (Last)

My date of birth is: **01 / 31 / 1973**
Month / Day / Year

My inmate identifying number, if any, is: **# 02210403**

I am presently incarcerated in: **Bill Clements Unit**
Corrections Unit Name

in: **Amarillo** , **Potter** , **Texas** **79107**
City / County / State / Zip Code

I declare under penalty of perjury that all information in the attached document titled,

**Unsworn Declaration** , is true and correct.
Name of Document

Signed in **Potter** County, **Texas** ,
County / State

on this date: **07 / 09 / 2019**
Month / Day / Year

*[signature]*
Your Signature

Darren G. Lewis #02210403
Bill Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

United States District Court
1100 Commerce Street, Room #1452
Dallas, Texas 75242

RECEIVED
JUL 3 0 2019
MAILROOM

《Legal Correspondence》

《Legal Correspondence》

《PLEASE Do not BEND》